UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY BETH AQUILA | CIVIL ACTION |
| VERSUS | NO. 18-5306 |
| PLANTATION MANAGEMENT COMPANY, L.L.C. AND HERITAGE HEALTHCARE NURSING CENTER, L.LC. | SECTION M (2) |

## ORDER & REASONS

Before the Court are four motion *in limine* filed by plaintiff Mary Beth Aquila ("Aquila") in which she seeks to exclude from trial the testimony of defendants' "purported exerts": Tracy Callihan ("Callihan") and Harry Rees ("Rees") (occupational therapists); Cliff Gomez ("Gomez") (speech therapist); Brittany Milton ("Milton") (minimum data set coordinator); and Anthony La Marca ("La Marca") (physical therapist).[1] Aquila contends that none of these people is qualified to render opinions regarding her general ability to read lips and communicate through written English.[2]

In opposition, defendant Plantation Management Company, L.L.C. ("Plantation") states that none of these individuals is an expert retained to render opinions based on Aquila's overall ability to communicate, but rather, they are treatment providers who will testify as to their own interactions with Aquila and their observation-based opinions on their own abilities to interact with Aquila.[3] Plantation had each of these witnesses issue a report to satisfy any disclosure requirements and identify the records for Aquila upon which their opinions and observations are based.[4]

---

[1] R. Docs. 22-25.
[2] *Id.*
[3] R. Docs. 26-30.
[4] *Id.*

Aquila filed an omnibus reply in further support of her motions in which she acknowledges that these witnesses are all fact witnesses who are entitled to testify as to their experiences and interactions with her.[5] However, Aquila contends that none of the witnesses is able to offer testimony as to her general ability to read lips and communicate through written English, and Milton cannot testify as to Plantation's compliance with federal disability laws.[6] The Court agrees, but notes that Plantation is not offering the witnesses for those purposes.

Accordingly,

IT IS ORDERED that Aquila's motions *in limine* (R. Docs. 22-25) are DENIED. Callihan, Rees, Gomez, Milton, and La Marca may all testify as to their interactions with Aquila and observations as to her abilities to communicate with them. They may not offer opinions as to Aquila's general ability to read lips and communicate through written English, nor may they offer ultimate legal conclusions about Plantation's compliance with federal law.

New Orleans, Louisiana, this 22nd day of April, 2019.

                                                                                       _____
                                                                                       BARRY W. ASHE
                                                                                       UNITED STATES DISTRICT JUDGE

---

[5] R. Doc. 33 at 2.
[6] *Id.*